IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,368






EX PARTE CHRISTOPHER LYNN COWAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM MADISON COUNTY






 Johnson, J., filed a concurring opinion.



CONCURRING OPINION




 I join the judgment of the Court because our current case law and the version of the
mandatory-supervision statute that controls in this case require the majority's outcome. Whether
intentionally or inadvertently, when it created mandatory supervision the Legislature did not include
it among the events that cause a sentence to "cease to operate" and trigger the commencement of a
consecutive sentence. However, changes in the statute have now created "discretionary mandatory
supervision," an oxymoron. 

 The current statute makes mandatory supervision a fraternal twin of parole; it is parole in
everything but name and eligibility rules and both multiplies and complicates the work of the parole
panels. Given that reality, the issue of whether discretionary mandatory supervision belongs among
the events that triggers the commencement of a consecutive sentence, or should even continue to
exist, is ripe for re-examination. 


Filed: September 14, 2005

Publish